We'll now proceed to the case of Strayer v. Idaho State Patrol. Ms. Bertram, we're having a tough time seeing you. It's pretty dark. Is there any way you can... I'm trying to address that, Your Honor. All right. We'll work with it. You may proceed with the argument. Mr. Phelps, I think you're muted, perhaps. Oh, I have myself unmuted. I'm sorry, Your Honor. I'm ready to proceed whenever the court is. You may proceed. Your Honor, in this case, we filed a timely complaint with the district court in September. We relied upon the federal rules of Civil Procedure 3 that civil action is commenced by the filing of the complaint. The court then required us to file a bond, which is required under state law, and a bond was filed. And then after the bond was filed, the court gave instructions to refile and then serve the complaint. Well, I guess the question that I would have, I think we know the time frame here and that clearly that so and what some of the arguments are, but the bond is separate. It's not the court's responsibility to keep track of the statute of limitations. Would you concede that? I mean, the court doesn't know, looking at cases, that you don't have to look up every time what the statute of limitations is, correct? I don't think it's the court's responsibility, but in this case, we clearly complied with the statute of limitations with the filing of the complaint. Well, what is your best case that, because you are arguing that you filed the complaint when you attached it to your bond situation, not that you actually filed it as you would file any other complaint? It was different than the normal filing. Well, I think it's only different to the extent that you have to ask for a bond, which we did, and I don't think that changes when the complaint was filed. But you can't file a complaint until you post the bond. So how could that attaching the complaint be the filing of the complaint when you haven't posted the bond yet? Well, you know, I'm not trying to be difficult, but I'm... No, no, I agree. I think that always is kind of the issue with the statute in Idaho that you have to get a bond, but you really can't get a bond until you get an action started. And to get an action started, you have to file a complaint. So, you know, you file a complaint, you request a bond, and the federal rules of civil procedure say that the filing of the complaint is the beginning of the action. It's kind of like you're at a Hobson's Choice between the state law requirements and the need to file the action. So we file the complaint, we pay the filing fee, and then we, at the same time, seek a bond. Do you have a case from Idaho or any place in the country that would say that the statute stops whenever you file a complaint, but you don't file a bond? Yes, we file the complaint. I have a little difficulty hearing you. He's asking for your best case as to filing a bond, commencing the statute of limitations. Surely there's a case out there from any place in the country on something like this. I'm sorry, I couldn't hear you. What's your best case on the facts here? I can hear you a little better now. I know, I have my mom voice on, so it's really loud. I think I can hear you now. I've turned my volume up, too. So what's your best case on the bond? That's the question. My best case on the bond is that the court eventually did set a bond amount and the bond was filed. I don't think that changes at all what the federal rule says and the case law says that the case begins with the filing of the complaint. Right, but do you have a precedential case on this question? I don't think there is one that I could find. So let's say if we agree with the district court, hypothetically, we agree with the district court that the complaint was not timely filed. Doesn't that dispose of all of plaintiff's claims against Spokane County Sheriff's Office and its officials? And how could plaintiffs maintain a malicious prosecution claim against these defendants? Well, I think that it would eliminate, not the 1983 claims, but I think it would eliminate the state law claims, arguably, if we have not met the statute of limitations by the filing of the district court. Well, on the malicious prosecution, when the district court finally got to that, I looked at the language and there wasn't anything to show what the malicious prosecution was. It was just sort of a, it's malicious. Just that with nothing more, basically. So it seemed like it was a little bit of a Twombly issue or something. That you just didn't state a claim. Can you convince me otherwise? I don't think I can on that issue, no. Unless there's other questions, I reserve the balance of my time. Very good. We'll hear from, who's going to start first? Your Honor, I will start first. And we can see you now, so thanks for correcting it. You look completely different. In a good way, I hope. Yes. Good morning. My name is Catherine Breereton, and I am the attorney for the Idaho Appellees, Idaho State Police, and Michael Archer. I am joined today by Heather Yakeley, the attorney for the Washington Appellees, Spokane County, Ozzie Knezovich, and Samuel Turner. Ms. Yakeley and I will split the time allotted to the appellees. I will argue for eight minutes and address the issues of 11th Amendment immunity and the dismissal of claims based on the statute of limitations. And then Ms. Yakeley will argue for the remainder of the appellee's time. Okay. Turning to the issue of immunity, I think that I just want to really touch on this and move on to the greater issue of the statute of limitations. In the briefing, appellees addressed this completely. The only way that 11th Amendment immunity does not apply is if a claim is stated against a state official in their individual capacity. So the district court correctly dismissed the claims against Idaho State Police and Trooper Michael Archer in his official capacity because those were barred by the 11th Amendment. With respect to the district court's dismissal of the claims against Trooper Archer, Deputy Turner, Sheriff Knezovich in Spokane County based on the statute of limitation grounds, this presents a more novel issue for the court to decide. All the claims that accrued on December 2, 2018 were dismissed as time barred because the court determined that the complaint was not timely filed. So the issue here is whether the motion to set bond with the proposed complaint attached as an exhibit commits the action on September 22 for purposes of Rule 3. And I think that you have spoken with Mr. Phelps about this, but I do just want to give the background for Idaho Code Section 6610. And this requires a plaintiff to file a bond before filing a civil action against a law enforcement officer. But this requirement only applies to state law claims. So although appellants would have the court disregard the actual text of their motion to set bond, these representations that were made in the motion cannot be ignored. I think that there are a few important things that should be pointed out from the motion to set bond. The first is that the appellants requested the court to set the pre-filing bond under Section 6610. And then they represented that they intended to file a complaint and acknowledged that they were required to file the bond before filing the complaint and then represented that once the bond was set, they would then proceed to file the complaint. So after the bond was set, the appellants filed the cost bond on November 30 and then waited until December 9 to file the complaint, and even though all prerequisites to filing the complaint have been satisfied by November 30. When the complaint was filed on December 9, appellants then also presented the summonses to the clerk, which were issued on December 10. So I think it's important that the fact that the appellants specifically represented to the court that they intended to file this proposed complaint after the court set the bond and acknowledged that they first had to file the bond, it demonstrates exactly what they were intentionally not doing on September 27. Well, but the court communication did cause a little bit of confusion. I mean, I can see where it would cause a little bit of confusion, but then on the other side, it concerns me that the court's just talking about the bond and the court shouldn't have to be a responsibility for the statute of limitations in every case. So I'm curious, is there any, let's just say hypothetically, if the defendants had in any way tried to mislead the plaintiff about, oh, you don't need to worry about it. You can file it at such and such a time. Is there anything on the part of the defendants that would mislead the plaintiffs that they had more time on the statute of limitations? Absolutely not, Your Honor. As of September 22nd, when the motion to set bond with the proposed complaint was attached and until the defendants were served after the summonses were issued on December 10th, defendants had absolutely no notice of this action. They were not aware that it had been filed. They were not represented by anyone in the action. And it was only until they were actually served with the complaint in December that any defendants knew that this action had even been filed. Well, I'll just keep going. So as I was saying, I think that the representations and the conduct of the appellants here demonstrated what they were intentionally not doing on September 22nd, which was they were not filing the complaint. And the reason that they were not filing the complaint is that Idaho case law is very clear in that a plaintiff who files a complaint before they post the bond, the court must by statute dismiss all of their state law claims against the law enforcement officers. So this position that the exhibit to the motion was actually the operative complaint that commits the action on September 22nd is just simply irreconcilable with the actions that take place after the 22nd and with the express representations made to the court. In this practice, let me ask this question about in this practice, in this state, do you have to file a complaint when you file the motion to set a bond first?  And then file a complaint later? That's a very good question. And I'll direct the court to our specific citation in our briefing about allied bail bonds, which gives the exact steps that a plaintiff needs to take. But I will address your question in that.  And then to file the bond, they could file the bond that they have already attained and file the complaint on the same day. It would just be a matter of communicating with the clerk that the bond is to be filed first, and then the clerk proceeds to file the complaint. In this particular situation where we have appellates who were seeking a waiver of the bond requirement or for a lower bond, the process is for the plaintiff to then file the motion to set bond, and then the court will set it. And then after the court sets the bond, the plaintiffs then proceed to file the cost bond and then file their complaint. This is why the position of the appellants here is so irreconcilable is because that's exactly what they did after September 22nd. And it was all for the purpose of preserving their state law claims against the law enforcement officers. So when we get to this argument that comes only with a motion to dismiss that no, the complaint was filed on September 22nd instead of December 9th, these two positions are completely irreconcilable, and they're completely inconsistent. And so the question here is not whether this proposed complaint that was attached as an exhibit suffices for Rule 8. The question here is whether the law will allow these two completely inconsistent positions by the appellants, whether they can on the one hand say that, well, for purposes of this, the complaint was filed on September 22nd, but for purposes of preserving the statute of limitations, or excuse me, for other purposes of preserving our claims against the law enforcement officers, it actually wasn't filed until afterwards. And I think that the case law from the Supreme Court and from the Ninth Circuit, the guiding authority that we cited in our briefing, I just don't think that this is allowable under those, and I don't think that those cases should be interpreted to allow such a result. I think that I am out of time at this point. So I'm going to... You are out of time. I want to make sure she has plenty of time. So thank you, Your Honor. You may proceed. Thank you, Your Honors. May it please the Court, Heather Yankley here on behalf of the Spokane County, so Washington State defendants. There are three of them that were named in this lawsuit. There is Spokane County, the Sheriff, Sheriff Ozzie Knezovich, and Deputy Turner. I'm planning on jumping directly into jurisdiction unless the Court asks otherwise, but with respect to jurisdiction, the claims against Sheriff Knezovich and Spokane County on jurisdictional grounds fails, really without any necessary argument. Spokane County is a municipality, and there is no respondee at Superior, nor could there be subject matter or personal jurisdiction. The same for Sheriff Knezovich. Sheriff Knezovich was not present at this particular scene, and so there could not be personal jurisdiction against... Let me ask you this. So in terms of, hypothetically, if this Court were to find that the statute of limitation was blown, that it's outside the statute of limitations, then that just leaves the malicious prosecution, and I heard plaintiff's counsel say that they didn't really state a cause of action on the malicious prosecution, that he conceded that issue. So what's the easiest... If I were to conclude that the statute of limitations was barred, what else do I have to do? Well, with respect... If you say that the statute of limitations is barred, there's nothing else that needs to be done, because the Washington... I'll just refer to them as Washington State. I know they're not state, but that'll make it easier. The Washington State defendants, because they've been hailed into an Idaho court, are subject to those same rules, and the malicious prosecution wouldn't survive underneath the statute of limitations either. So that's the easiest way to handle that question. With respect to the malicious prosecution, if the court determines that the statute of limitations did not apply, then you have to look at the issue with respect to Deputy Turner, Samuel Turner. I don't believe that you could... Plaintiff could successfully hail either Sheriff Knezovich or Spokane County into Idaho on the malicious prosecution, again, because there's no personal jurisdiction. Jurisdiction was not raised, nor is there anything in the complaint that would establish any sort of personal jurisdiction over Deputy Turner. So initially, that's not an issue that's properly before this court. However, again, assuming that the court wants to go further into that analysis, personal jurisdiction is still not established against Deputy Sam Turner underneath the Calder test and the long arm statute in Idaho. The long arm statute in Idaho is very similar to Washington, Oregon, California, which says that if there's a tortious event, do you still have... Can you still establish the jurisdiction? And the Ninth Circuit relies on whether or not the entity purposefully directed, the entity or person purposefully directed his activities or consummated some transaction within the forum. Well, do you disagree with any of the analysis that the district court did? No, I do not, no. I do believe that the one... I believe it's Calder. I believe it's Calder that does suggest that an evidentiary hearing could be helpful. In this particular case, obviously we are limited to what would be pled in the complaint and then what's set forth in the motions to dismiss. But the procedural, excuse me, the personal jurisdiction is really a technical argument upon which the mindset of, if you will, would not necessarily play a factor. The problem with personal jurisdiction of Deputy Turner is that it has to be something more than just incidental or random or isolated. That's the Helicopteros US Supreme Court case 466 US 408. And in this case, Deputy Turner was simply driving home from work. He stopped because a trooper had an individual pulled over in front of a quite popular bar on a very busy highway in Idaho. Deputy Turner was simply letting him know that he was there to support. And then it turned into something different. And I will submit not anything that was anticipated. Deputy Turner had no intent of being involved to the extent that he was. He was going home, stopped for officer safety purposes. I believe my time is up unless the court has further questions. Thank you, counsel. We'll hear rebuttal. Mr. Phelps, I think you're muted again. I got myself unmuted now. I'd like to address the jurisdictional issue. Samuel Turner was driving on the Idaho roads in route home from work in a vehicle provided by Spokane County Sheriff's Office, a marked squad car. He stopped and Idaho Code Section 5-514 addresses when a subject becomes under the jurisdiction of the court. It's a transition of business within the jurisdiction. Section B is the commission of a torturous act within the state. And part of the allegations are here that Samuel Turner attacked two of the people that were not being arrested that were there as relatives of the lady who was being arrested. And in a video that we have, he can be seen striking the young lady in the face after she attempted to record on the phone what was occurring here. And so that is a tortuous act when he attacks her that submits them to the jurisdiction of the court. And so he drove on the highway, drove a county vehicle on the highway, stopped along the road, inserts himself into this action with the other Idaho State Trooper, and in the course of that, begins assaulting and striking the participants. And that is a tortuous act that he committed, thereby submitting himself and his employer, he's in uniform, the Spokane County Sheriff's Department, to the jurisdiction of the state of Idaho. And therefore, there is jurisdiction given what occurred in this particular case. Over both Deputy Turner or Samuel Turner, if he's not actually acting in the course of his employment, but in any event, this tortuous conduct submits him to the jurisdiction. And I don't have anything further unless there are additional questions. Thank you, Counsel. The case just argued will be submitted for decision. Thank you all for your arguments this morning. And we'll proceed to the next case on the oral argument.
judges: Siler, THOMAS, CALLAHAN